[Cite as *Williams v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-3634.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDY WILLIAMS

   Plaintiff

   v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

   Defendant

   Case No. 2009-06681-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1)   On December 8, 2008, plaintiff, Andy Williams, an inmate incarcerated at defendant's Pickaway Correctional Institution (PCI), was transferred from the PCI general population to a segregation unit.

{¶ 2} 2)   Plaintiff's personal property was inventoried, packed, and delivered into the custody of PCI staff incident to his transfer.  Plaintiff recalled he regained possession of his property on January 14, 2009, and discovered several items were missing.

{¶ 3} 3)   Plaintiff claimed the following items were missing:  eighteen compact discs (CDs), eighteen cassette tapes, one clock, a set of Sony headphones, one Sony wrap around, and eighty-nine photographs.  Plaintiff asserted his property was lost or destroyed as a proximate cause of negligence on the part of PCI personnel and he has consequently filed this complaint seeking damages in the amount of

$946.95, the estimated replacement value of the property.  The filing fee was paid and plaintiff requested reimbursement of that cost ($25.00) along with his damage claim.

**{¶ 4}**   4)      Plaintiff submitted a copy of a "Disposition of Grievance" he filed with the PCI Inspector in connection with his claim about property loss.   The Inspector determined "[i]t is likely they (plaintiff's property items) were destroyed in the process of 'cleaning up' the contraband cage."

**{¶ 5}**   5)      Defendant explained that when plaintiff's property was packed on December 8, 2008, it was discovered plaintiff had eighteen CDs and nineteen cassette tapes; amounts "in excess of the permitted possession limits" of fifteen cassette tapes and ten CDs.   Defendant submitted a copy of plaintiff's "Inmate Property Record" compiled on December 8, 2008 when his property was packed on December 8, 2008. Defendant pointed out the PCI officer who packed plaintiff's property wrote the notation "conduct report" beside the listed spaces for "cassette tapes" and "compacts discs" on plaintiff's December 8, 2008 "Inmate Property Record."   Defendant related this notation by the packing officer "indicates his intention to issue a conduct report for the excess property."   According to defendant, the CDs and cassette tapes that plaintiff possessed on December 8, 2008 were separated from the remainder of the packed property and were "to be handled as contraband."   Apparently, all CDs and cassette tapes were lost while under the control of PCI staff.  Defendant, in turn, has admitted liability for the loss of fifteen cassette tapes and nine CDs.  Defendant denied liability for any cassette tapes and CDs that were over the possession limit contending that all property in excess of the limit was contraband and plaintiff has no right to assert a claim for contraband he had no right to possess.  Defendant explained that the admission of liability in respect to

Case No. 2006-03532-AD       - 3 -       MEMORANDUM DECISION

the CDs "plaintiff was entitled to have."

{¶ 6} 6) Defendant disputed plaintiff's damage claim for the loss of the CDs and cassette tapes. In his complaint, plaintiff claimed damages in the amount of $163.36 for the loss of eighteen cassette tapes and $298.74 for the loss of eighteen CDs. Defendant recorded plaintiff had documented purchases of nine CDs totaling $126.87 between the years 2004 and 2006. Defendant related "[t]he remaining CDs listed by the plaintiff using the purchase prices estimated by plaintiff, total $147.35." Defendant advised that all CDs in plaintiff's possession on December 8, 2008 were used and therefore, considered depreciable property. Defendant suggested plaintiff should be compensated for the loss of the ten most expensive CDs as listed by plaintiff at a "50% depreciation rate" of $81.67. Defendant observed the depreciation rate suggested represents the fair market value of ten CDs plaintiff was allowed to possess. Defendant also asserted the lost cassette tapes constituted depreciable property and any damage recovery should reflect a 50% depreciation rate. Defendant suggested the fair market value for fifteen cassette tapes should amount to $68.7. Furthermore, defendant admitted liability for the loss of plaintiff's clock and headphones totaling $23.94. Defendant acknowledged plaintiff suffered damages totaling $174.32.

**{¶ 7}** 7)     Defendant denied any liability for the loss of any photographs claimed by plaintiff.  Of the eighty-nine alleged missing photographs claimed by plaintiff, he advised that "30 of them were nude photos of my wife."  Defendant argued any photographs depicting nudity "would be contraband."  Additionally, defendant maintained plaintiff "has not demonstrated what photos he may have had or the quantity of such photos."  Defendant asserted the value of any photographs should not exceed $10.00, "the cost of processing such photos."  Plaintiff's "Inmate Property Record" dated December 8, 2008 lists a photo album and assorted photos among the property packed by defendant.

**{¶ 8}** 8)     Plaintiff filed a response insisting he is entitled to all damages claimed.  Plaintiff referenced the "Disposition of Grievance" he submitted with his complaint wherein the PCI Inspector noted that Officer Cooper, a PCI employee who assisted in packing plaintiff's property on December 8, 2008, was interviewed and apparently stated he "thought" he observed PCI employee, Officer Lauritzen, "putting CDs, tapes and a bunch of pictures" among packed property.  According to findings in the "Disposition of Grievance," all packed property was taken to the PCI main property vault by Officer Cooper.  Also, according to the findings in the "Disposition of Grievance," another PCI employee, Officer Nicholas, was interviewed and he recalled taking some of plaintiff's property to the PCI contraband cage and saw "many pictures, but not CDs or tapes" among the items he transported.  Plaintiff maintained he in fact did purchase all nineteen cassette tapes and all eighteen CDs he claimed.  Plaintiff also maintained he was permitted to retain all of the items by defendant.  Plaintiff asserted he has "receipts for all [p]urchases," but he did not supply these receipts.  Plaintiff

Case No. 2006-03532-AD                 - 5 -                    MEMORANDUM DECISION

recalled he purchased a total of twenty-three CDs on four occasions between February 4, 2005 and December 21, 2006 during times he was incarcerated at Ross Correctional Institution and Lebanon Correctional Institution.  Plaintiff argued that if he was not allowed to retain CDs and cassette tapes in excess of the defendant's possession limit restrictions, he should have been permitted to mail the excess amount to his outside residence rather than have the items subject to loss or destruction.  Additionally, plaintiff pointed out defendant failed to address the issue of his missing ear buds that he claimed in his complaint and valued at $15.97.  Plaintiff contended he is entitled to recover the replacement value of his ear buds as well as the headphones and clock defendant acknowledged were lost while under the control of PCI staff.  Furthermore, plaintiff contended he is entitled to recover $445.00 for the loss of eighty-nine photographs, which included but were not limited to, nude photographs of his wife. Plaintiff explained he was permitted to retain photographs depicting nudity and such photographs were not considered contraband by defendant's internal regulations. Plaintiff observed that the missing photographs that he valued at $5.00 each represents "a fair price."  Plaintiff stated "actual cost of restoration would be at right around $29.00 per photo."  Plaintiff did not submit any evidence to establish his photographs were

worth $5.00 per photograph or $29.00 per photograph.

CONCLUSIONS OF LAW

{¶ 9}   1)    In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 10}    2)"Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 11}    3)Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 12}    4)This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 13}    5)Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 14}    6)Plaintiff must produce evidence which affords a reasonable basis for

Case No. 2006-03532-AD          - 7 -          MEMORANDUM DECISION

the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 15}    7)In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 16}    8)The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds plaintiff's assertions credible that he purchased all cassette tapes and CDs. The court also finds plaintiff's assertions persuasive concerning the fact he had all photographs claimed in his possession on December 8, 2008.

{¶ 17}    9)It has been previously held, an inmate plaintiff may recover the value

of confiscated contraband property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction. *Berg v. Belmont Correctional Institution* (1998), 97-09261-AD; *Wooden v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2004-01958-AD, 2004-Ohio-4820; *Hemsley v. N. Cent. Correctional Inst.*, Ct. of Cl. NO. 2005-03946-AD, 2005-Ohio-4613; *Mayfield v. Richland Correctional Inst.*, Ct. of Cl. No. 2005-07976-AD, 2006-Ohio-358.

**{¶ 18}**     10)Negligence on the part of defendant has been shown in respect to the issue protecting plaintiff's property after he was transferred. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD, jud.

**{¶ 19}**     12)The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

**{¶ 20}**     13)In a situation where a damage assessment for personal property destruction based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

**{¶ 21}**     14)As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

**{¶ 22}**     15)Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462.

Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 23} 16)Plaintiff has suffered damages in the amount of $380.00, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDY WILLIAMS

    Plaintiff

    v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

    Case No. 2009-06681-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

Case No. 2006-03532-AD      - 11 -      MEMORANDUM DECISION

Case No. 2006-03532-AD      - 11 -      MEMORANDUM DECISION

of plaintiff in the amount of $405.00, which includes the filing fee.  Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Andy Williams, #271-740      Gregory C. Trout, Chief Counsel
P.O. Box 209      Department of Rehabilitation
Orient, Ohio  43146      and Correction
     770 West Broad Street
     Columbus, Ohio  43222

RDK/laa
3/9
Filed 3/25/10
Sent to S.C. reporter 8/6/10