[Cite as *Ward v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4955.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TIMOTHY WARD

     Plaintiff

     v.

OHIO DEPARTMENT OF REHABILITATION CORRECTION

     Defendant

     Case No. 2009-09043-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

{¶ 1} 1)    Plaintiff, Timothy Ward, an inmate incarcerated at defendant's Mansfield Correctional Institution (ManCI), filed this action alleging his personal property was lost or stolen as a proximate cause of negligence on the part of ManCI staff. Plaintiff related he "was put on Suicide Watch on" December 21, 2007 and was subsequently transferred from ManCI to the Correctional Reception Center (CRC) on December 27, 2007. Plaintiff explained some of his personal property was forwarded to CRC and the remainder was stored at ManCI. Plaintiff noted that when he returned to ManCI on or about March 3, 2008, he regained possession of his property and discovered multiple items were missing. Plaintiff pointed out his property was originally packed by ManCI personnel on December 27, 2007, and had apparently been left in his housing unit from the time he was placed on Suicide Watch until he was transferred to CRC.

{¶ 2} 2)    Plaintiff advised he discovered the following items were missing when he regained possession of his property: a Magnavox television set, a fan, four

cassette tapes, three tubes toothpaste and a toothbrush, a bowl. three boxes of cigars, two bags Midnight Special, two bottles of Sprite, four Star Crunch, one Vanilla Wafer, Christmas Cookies, baby powder, an opened bag of French Vanilla coffee, two jars of coffee, two chewing gum, two Honey Buns, matches, party mix, baby oil, oil, one legal pad, one lock, and two batteries. Plaintiff filed this complaint seeking to recover damages in the amount of $231.43, the stated replacement cost of the missing property items. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim. Plaintiff also requested $3.50 representing copying costs and postage expense he incurred. Copying costs and postage expense are not subject to reimbursement in a claim of this type. Plaintiff's request is denied and the matter will not be addressed further. Plaintiff submitted documentation showing he purchased a Magnavox television set on December 19, 2005 in the amount of $126.60. Plaintiff also submitted documentation showing he purchased tobacco products, foodstuffs, matches, batteries, legal pads, coffee, toothpaste, and baby powder at the ManCI commissary on December 20, 2007. Plaintiff did not supply documentation to establish the purchase prices and dates he purchased a fan, bowl, baby oil, oil, lock, and toothbrush prior to December 21, 2007.

{¶ 3} 3) Defendant filed an investigation report admitting liability for the loss of plaintiff's fan, television set, and various commissary items. However, defendant contended plaintiff's damages should be limited to $115.00 due to the fact the television set and fan "were at least two years old" at the time of loss and constituted depreciable property. Defendant denied liability for the loss of any cassette tapes stating "there is no evidence to suggest $40.00 in tapes were lost by Defendant."

{¶ 4} 4) Plaintiff filed a response insisting he should be awarded all damages claimed for the loss of all property items claimed.

CONCLUSIONS OF LAW

{¶ 5} 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 6} 2) "Whether a duty is breached and whether the breach proximately

caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333, 798 N.E. 2d 1121, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 7} 3)    Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 8} 4)    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 9} 5)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 10} 6) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 11} 7) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 12} 8) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds plaintiff's assertions credible in regard to the loss of all property items claimed.

{¶ 13} 9) Negligence on the part of defendant has been shown in respect to the issue protecting plaintiff's property after he was transferred in December 2007. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD. Plaintiff has

offered sufficient proof to establish all property claimed was lost or stolen while under the control of ManCI staff.

{¶ 14} 10)    The standard measure of damages for personal property loss is market value.  *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 15} 11)In a situation where a damage assessment for personal property destruction or loss based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner.  This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss.  *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.e. 2d 46.

{¶ 16} 12)As trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 17} 13)Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 18} 14)Plaintiff has suffered damages in the amount of $200.00, plus the $25.00 filing fee, which may be awarded as costs pursuant to R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TIMOTHY WARD

 Plaintiff

 v.

OHIO DEPARTMENT OF REHABILITATION CORRECTION

 Defendant

 Case No. 2009-09043-AD

Deputy Clerk Daniel R. Borchert


ENTRY OF ADMINISTRATIVE
DETERMINATION


 Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $225.00, which includes the filing fee. Court costs are assessed against defendant.


         DANIEL R. BORCHERT
         Deputy Clerk


Entry cc:


Timothy Ward#434-335    Gregory C. Trout, Chief Counsel
P.O. Box 4501      Department of Rehabilitation
Lima, Ohio  45802     and Correction
         770 West Broad Street
         Columbus, Ohio  43222

RDK/laa
5/13
Filed 6/14/10
Sent to S.C. reporter 10/11/10