[Cite as *Mason v. London Correctional Inst.*, 2010-Ohio-6323.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES MASON

     Plaintiff

     v.

LONDON CORRECTIONAL INSTITUTION

     Defendant

     Case No. 2010-02618-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} Plaintiff, Charles Mason, an inmate incarcerated at defendant, London Correctional Institution (LoCI), filed this action alleging his sweat suit was irreparably damaged as a proximate cause of negligence on the part of LoCI employee, Officer Laird, in conducting a shakedown search. Plaintiff recalled Officer Laird entered his housing unit on January 11, 2010 at approximately 6:35 p.m. and "informed me that he was going to shake me down." Plaintiff related Officer Laird then began "to toss items from my locker box on to the bottom bunk (and) floor." Plaintiff asserted that his sweat suit was damaged when Officer Laird, during the course of his search, spilled body oil over the clothing item. Plaintiff reported the described incident and subsequently filed this complaint seeking to recover $32.10, the stated replacement cost of a new sweat suit. In his complaint, plaintiff did not offer any evidence to prove the sweat suit was irreparably damaged. Payment of the filing fee was waived.

{¶ 2} Defendant denied any liability in this matter, specifically denying Officer Laird damaged plaintiff's sweat suit with oil during the course of a shakedown search.

Defendant acknowledged plaintiff presented a stained sweat suit to the LoCI inspector on April 27, 2010 and the suit was then laundered, but the stains could not be removed. Defendant stated, "Officer Laird denied opening the bottle of oil and denied noticing that the oil spilled on Inmate Mason's sweat suit." Defendant pointed out "[p]laintiff could not explain how the bottle top came off when he claims the bottle had never been opened." Defendant argued plaintiff has failed to produce sufficient evidence to prove his clothing was damaged as a proximate cause of negligent conduct on the part of LoCI employee, Laird.

**{¶ 3}** Plaintiff filed a response suggesting the cap on the oil bottle came open when "C/O Laird was throwing my items out of my locker box." Plaintiff insisted Officer Laird's actions caused the cap to be removed from the bottle of oil and the oil to spill on his sweat suit. Plaintiff advised "[t]he stain on my (clothing) is very noticeable it's not a small stain."

## CONCLUSIONS OF LAW

**{¶ 4}** 1) In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 5}** 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 6}** 3) It has been determined by this court that when a defendant engaged in a shakedown operation, it must exercise ordinary care in doing so. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 7}** 4) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 8}** 5) Plaintiff has the burden of proving, by a preponderance of the

evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 9} 6)  Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 10} 7)  In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 11} 8)  The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds plaintiff's statements persuasive in reference to Officer Laird's acts causing the damage to the sweat suit.

{¶ 12} 9)  Negligence on the part of defendant has been shown in respect to the issue of property protection. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD; *Tyler v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2007-07299-AD, 2008-Ohio-3418.

{¶ 13} 10) As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 14} 11) The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 15} 12) In a situation where damage assessment for personal property destruction or loss based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such factors as value to the owner, original cost, replacement

cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

{¶ 16} 13) The assessment of damages is a matter within the province of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462.

{¶ 17} 14) Based on the evidence presented, the trier of fact finds plaintiff has suffered damages in the amount of $5.00.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES MASON

   Plaintiff

   v.

LONDON CORRECTIONAL INSTITUTION

   Defendant

   Case No. 2010-02618-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

   Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor

of plaintiff in the amount of $5.00.  Court costs are assessed against defendant.


                                            DANIEL R. BORCHERT
                                            Deputy Clerk

Entry cc:


Charles Mason, #586-943              Gregory C. Trout, Chief Counsel
P.O. Box 69                          Department of Rehabilitation
London, Ohio  43140                  and Correction
                                     770 West Broad Street
                                     Columbus, Ohio  43222


RDK/laa
8/3
Filed 8/31/10
Sent to S.C. reporter 12/17/10