[Cite as *Frazier v. Lebanon Corr. Inst.*, 2010-Ohio-6644.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RAYMOND FRAZIER

    Plaintiff

    v.

LEBANON CORR. INST.

    Defendant

    Case No. 2010-06371-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1)   Plaintiff, Raymond Frazier, an inmate incarcerated at defendant, Lebanon Correctional Institution (LeCI), alleged that several items of personal property were stolen from his cell housing unit on October 19, 2009, at a time when both he and his cellmate were away from the unit.  Plaintiff further alleged that the door to his cell was unlocked by on-duty LeCI personnel; thereby facilitating the property theft claimed.  Plaintiff noted that defendant's staff failed to conduct any investigation after he reported the theft of his property, which included a Super III radio, a hot pot, a Kool Operater Jr. fan, four bath towels, two bowls, and an adapter.  Attached to his complaint, plaintiff submitted a copy of an "Inmate Property Theft/Loss Report" (theft report) compiled on October 20, 2009 when the theft was reported.  According to information contained in the theft report, no action to recover any property was taken by LeCI staff.  None of plaintiff's property was recovered.  Plaintiff contended that his property was stolen and unrecovered as a proximate cause of negligent acts and omissions on the part of LeCI personnel.   Plaintiff   filed   this   complaint   seeking   to   recover   $127.43,   the   stated

replacement cost of his property. Plaintiff advised that the property claimed was four years old at the time of the theft. Also submitted with the complaint was an "Informal Complaint Resolution" plaintiff filed on October 19, 2009 regarding the theft of his property from his cell. In the "Informal Complaint Resolution" plaintiff wrote, "[m]y cellie (cellmate) claimed to have been threatened allowed this robbery to happen out of fear." Payment of the filing fee was waived.

**{¶ 2}** 2)    Defendant denied liability in this matter asserting that plaintiff failed to offer "specific proof regarding his allegations that the corrections officers unlocked his cell door;" thereby giving an unidentified thief access to the property stored inside the cell. Defendant further asserted that the on-duty LeCI officers Dickensheets and Cooper "both denied opening Plaintiff's cell door without verifying the I.D. of the entering inmate." The claim file is devoid of any statement from either Officer Dickensheets or Officer Cooper. Defendant suggested that plaintiff's cellmate or other inmates caused plaintiff's property to be stolen. Furthermore, defendant argued that plaintiff failed to offer sufficient proof to establish that he actually owned the property claimed with the exception of one hot pot.

**{¶ 3}** 3)    Plaintiff filed a response insisting that he rightfully owned all property claimed. Plaintiff again asserted that a review by defendant of the "security video footage" taken on October 19, 2009 would ascertain the identity of the person who stole his property and would conclusively prove whether or not his cell door was unlocked by LeCI personnel.

CONCLUSIONS OF LAW

**{¶ 4}** 1)    In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 5}** 2)    "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41 citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 6} 3)    Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 7} 4)    This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make reasonable attempts to protect, or recover" such property.

{¶ 8} 5)    Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 9} 6)    Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 10} 7)    In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim.  If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue.  *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶ 11} 8)    The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.  The court is free to believe or disbelieve, all or an part of each witness's testimony.  *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548.  The court finds plaintiff's assertions credible that he possessed and owned all property claimed at the time of the incident, October 19, 2009.

{¶ 12} 9)    The allegation that a theft may have occurred is insufficient to show defendant's negligence.  *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425.  Plaintiff must show defendant breached a duty of ordinary or reasonable care.  *Williams.*

{¶ 13} 10)    Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent.  *Walker v.*

*Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 14} 11) Defendant, when it retains control over whether an inmate's cell door is to be open or closed, owes a duty of reasonable care to inmates who are exclusively forced to store their possessions in the cell while they are absent from the cell. *Smith v. Rehabilitation and Correction* (1978), 77-0440-AD.

{¶ 15} 12) However, in the instant claim, plaintiff has failed to prove defendant negligently or intentionally unlocked his cell door, and therefore, no liability shall attach to defendant as a result of any theft based on this contention. *Carrithers v. Southern Ohio Correctional Facility* (2002), 2001-09079-AD.

{¶ 16} 13) Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 17} 14) However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. The bulk of plaintiff's property consisted of indistinguishable items.

{¶ 18} 15) Plaintiff has proven, by a preponderance of the evidence, that defendant was negligent in respect to making any attempts to recover distinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207. The distinguishable property items consisted of a fan and a Super III radio.

{¶ 19} 16) Negligence on the part of defendant has been shown in respect to a failure by LeCI staff to make any reasonable attempts to recover distinguishable property. *Mullett.*

{¶ 20} 17) Plaintiff has failed to prove, by a preponderance of the evidence, that any indistinguishable property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

{¶ 21} 18) The standard measure of damages for personal property loss is

market value.  *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 22} 19)  In a situation where a damage assessment for personal property destruction or loss based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner.  This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss.  *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518, N.E. 2d 46.

{¶ 23} 20)  As the trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 24} 21)  Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 25} 22)  Plaintiff has suffered damages in the amount of $35.00.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RAYMOND FRAZIER

    Plaintiff

    v.

LEBANON CORR. INST.

    Defendant

    Case No. 2010-06371-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE
DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $35.00.  Court costs are assessed against defendant.



                    MILES C. DURFEY
                    Deputy Clerk


Entry cc:

Raymond Frazier, #508-775        Gregory C. Trout, Chief Counsel
3791 State Route 63             Department of Rehabilitation
Lebanon, Ohio  45036-0056     and Correction
                    770 West Broad Street
                    Columbus, Ohio  43222


RDK/laa
9/21
Filed 10/28/10
Sent to S.C. reporter 2/2/11