[Cite as *Schmuck v. N. Cent. Corr. Inst.*, 2010-Ohio-6655.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GREGORY SCHMUCK

    Plaintiff

    v.

NORTH CENTRAL CORR. INST.

    Defendant

    Case No. 2010-01204-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

**{¶ 1}** 1)　On May 23, 2009, plaintiff, Gregory Schmuck, an inmate incarcerated at defendant, North Central Correctional Institution (NCCI), was transferred from the NCCI general population to a segregation unit.　Plaintiff's personal property was inventoried, packed, and delivered into the custody of NCCI staff incident to this transfer.　Plaintiff maintained that several items of his personal property were stolen from his locker box in his housing unit after he was transferred to the NCCI segregation unit.　Plaintiff claimed the following property items were stolen:　one pair of shower shoes, one pair of work boots, one radio/CD player, one set of headphones, beard trimmers, one fan, one blanket, one combination lock, and multiple food items.

**{¶ 2}** 2)　On June 2, 2009, plaintiff filed an "Inmate Property Theft/Loss Report" (theft report) referencing the alleged theft of his property on May 23, 2009. According to information contained in the theft report (copy submitted), no action was taken by NCCI staff in response to the reported property theft.　Plaintiff implied his property was stolen and unrecovered as a proximate cause of negligence on the part of

NCCI personnel. Plaintiff filed this action seeking to recover $300.00, the stated replacement cost of the alleged stolen property. Plaintiff did not provide any evidence other than his own assertion to establish the value of the items listed in the complaint.

{¶ 3} 3) Defendant denied liability in this matter noting "[p]revious inmate property records do not reflect ownership of the items Plaintiff claims are missing." Defendant submitted a copy of a December 24, 2008 property inventory listing property plaintiff possessed on that date. Items listed on the December 24, 2008 inventory relevant to this claim include a set of headphones, a fan, and multiple food products. Shower shoes, boots, a radio/CD player, beard trimmers, a blanket, and a lock are not listed on this inventory. Defendant contended plaintiff failed to offer any proof to establish he owned shower shoes, boots, a radio/CD player, a blanket, and a lock on May 23, 2009, when he was transferred to segregation. Defendant advised plaintiff did receive a pair of work boots on December 14, 2007 and he also received a CD player on June 19, 2008. Defendant submitted a copy of plaintiff's property inventory compiled on May 23, 2009 when he was transferred to segregation. This inventory bears plaintiff's signature acknowledging the document contains "a complete and accurate inventory of all my personal property." A fan and a radio are listed on the May 23, 2009 inventory. Defendant submitted records showing plaintiff received a food package on May 13, 2009. Defendant contended plaintiff failed to offer any evidence to prove he possessed any of the property claimed on May 23, 2009.

{¶ 4} 4) Plaintiff filed a response contending that he was ordered to sign the May 23, 2009 property inventory acknowledging the document contained a complete and accurate listing of all his property. Plaintiff again asserted he rightfully owned all property claimed and the property was stolen on May 23, 2009 as a proximate cause of negligence on the part of NCCI staff in protecting that property. Plaintiff submitted a receipt from a vendor dated September 19, 2007 listing certain items shipped included a blue blanket, beard trimmer, fan, and shower shoes. Documentation submitted by defendant shows plaintiff received a sundry package on September 24, 2007. Plaintiff submitted receipts reflecting he received a food package in May 2009, headphone and a radio/CD player in June 2008, as well as a pair of boots in December 2007. Also, plaintiff submitted a receipt from the NCCI commissary showing he purchased food products on May 20, 2009.

CONCLUSIONS OF LAW

**{¶ 5}** 1)     In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 6}** 2) "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 7}** 3) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 8}** 4) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

**{¶ 9}** 5) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

**{¶ 10}** 6) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

**{¶ 11}** 7) In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

**{¶ 12}** 8) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.

2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds plaintiff's assertions credible that he possessed and owned all property claimed at the time he was transferred on May 23, 2009.

{¶ 13} 9) The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams*.

{¶ 14} 10) Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶ 15} 11) Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶ 16} 12) However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. the bulk of plaintiff's property consisted of indistinguishable items.

{¶ 17} 13) Plaintiff has proven, by a preponderance of the evidence, that defendant was negligent in respect to making any attempts to recover distinguishable stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207. The distinguishable property items consisted of a set of headphones and a radio/CD player.

{¶ 18} 14) Negligence on the part of defendant has been shown in respect to a failure by NCCI staff to make any reasonable attempts to recover distinguishable property. *Mullett*.

{¶ 19} 15) Plaintiff has failed to prove, by a preponderance of the evidence, that any indistinguishable property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation*

*and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

**{¶ 20}** 16)  The standard measure of damages for personal property loss is market value.  *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

**{¶ 21}** 17)  In a situation where a damage assessment for personal property destruction or loss based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner.  This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss.  *Cooper v. Feeney* (1986), 34 Ohio App.3d 282, 518 N.E. 2d 46.

**{¶ 22}** 18)  As trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

**{¶ 23}** 19)  Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

**{¶ 24}** 20)  Plaintiff has suffered damages in the amount of $60.00.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GREGORY SCHMUCK

Plaintiff

v.

NORTH CENTRAL CORR. INST.

Defendant

Case No. 2010-01204-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $60.00. Court costs are assessed against defendant.



DANIEL R. BORCHERT
Deputy Clerk


Entry cc:

Gregory Schmuck, #555-143           Gregory C. Trout, Chief Counsel
2338 North West Street              Department of Rehabilitation
Lima, Ohio  45801                   and Correction
                                    770 West Broad Street
                                    Columbus, Ohio  43222

RDK/laa
9/13
Filed 11/2/10
Sent to S.C. reporter 2/11/11