COOPER ET AL., APPELLEES, *v.* FEENEY, D.B.A. AMBER TERRACE APARTMENTS, APPELLANT.

(No. CA86-06-079 — Decided December 31, 1986.)

*Gerald L. Pater,* for appellees.
*H. Vincent Walsh,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Fairfield Municipal Court of Butler County.

Plaintiffs-appellees, Michael Lee Cooper and Donna Marie Cooper, were tenants in an apartment owned by defendant-appellant, Thomas Feeney,[1] d.b.a. Amber Terrace Apartments. In

---

[1] Appellant executed the lease with appellees as the owner of the apartment. However, his wife, Pricilla Feeney,

November 1985, a section of drywall in the ceiling of their bedroom fell, causing damage to the couple's personal property. Subsequently, raw sewage backed up into the apartment, saturating everything in the basement.

Appellees brought an action for damages in the Fairfield Municipal Court. After a trial to the court, appellant was found liable for damages in the amount of $1,400, the amount prayed for in the complaint. The court also ordered the rent which had been deposited with the court and the security deposit which had been paid to appellant returned to appellees, and ordered appellant to pay the costs of the action.

Appellant timely filed the instant appeal naming the following two assignments of error.

Assignment of Error No. 1:

"The trial court committed prejudicial error in admitting into evidence plaintiffs' Exhibit #29 which stated the replacement value of the plaintiffs' damaged property."

Assignment of Error No. 2:

"The trial court committed prejudicial error in entering judgment for the plaintiff[s] in that plaintiff[s] failed to prove damages as required by law."

In support of his second assignment of error, appellant contends that the court erred by basing the amount of damages solely upon the replacement value of the damaged property.

On direct examination, Donna Marie Cooper testified regarding the replacement value of the damaged property. Additionally, the trial court received into evidence appellees' Exhibit No. 29 which listed the replacement costs of the damaged property. Mrs. Cooper's testimony on direct examination concerning the exhibit is as follows:

"Q. I'm going to show you what is marked plaintiffs['] exhibit #29 and ask you if you can identify that for us please?

"A. This is the list I made out of the things that were in the basement that got ruined.

"Q. OK. What happened to all of those items that are listed there on plaintiffs['] exhibit #29?

"A. We threw them away.

"Q. Do you have any of those items anymore?

"A. No, we don't.

"Q. Now opposite each one of those items is a * * * stated value, dollar * * * value. What * * * does the dollar figure represent?

"A. Well, that is uh * * * what it would cost to replace them, you know * * *

"Q. Each one of those items?

"A. Right.

"Q. Ok.

"A. Taking into, you know, account that some of them were * * * older."

On cross-examination, it was established that Mrs. Cooper obtained replacement cost for each of the enumerated items from a Sears, Roebuck & Co. catalog.

In Ohio, the general rule is that the measure of damages for injury to personal property is the difference in market value of the property immediately before and immediately after the injury. Where the property is totally destroyed, the measure of damages is the reasonable market value of the property immediately before its destruction. However, "[w]hen market value cannot be feasibly obtained, a more elastic standard is resorted to, sometimes called the standard of value to the owner." *Bishop* v. *East Ohio Gas Co.* (1944), 143 Ohio St. 541, 546, 28

---

testified at trial that she was the owner. Appellant did not testify and the testimony of his wife is the only evidence of ownership other than the lease.

O.O. 470, 472, 56 N.E. 2d 164, 166. This value is determined via consideration of a number of factors including value to the owner, original cost, replacement cost, salvage value, if any, and fair market value at the time of loss. See *Employers' Fire Ins. Co.* v. *United Parcel Service* (1950), 89 Ohio App. 447, 450, 45 O.O. 475, 477, 99 N.E. 2d 794, 796-797. In determining this value, a court may consider the owner's opinion "* * * which will be some evidence of the actual value, though not conclusive." *Shimola* v. *Nationwide Ins. Co.* (1986), 25 Ohio St. 3d 84, 86-87, 25 OBR 136, 138, 495 N.W. 2d 391, 393, citing *Bishop, supra,* at 546, 28 O.O. at 472, 56 N.E. 2d at 166.

Unable to determine the market value of the property, the trial court in the case *sub judice* based its decision on what it found to be the "reasonable value" of that property immediately before its destruction. However, it was error to award appellees damages based solely upon appellees' representation of the replacement value of the property. This is not to say that the opinion of Mrs. Cooper is irrelevant for the purposes of determining the amount of damages. However, that opinion, in and of itself, is not conclusive of, nor is it sufficient to sustain, the amount of damages awarded in the case at bar.

"The purpose of monetary compensatory damages is to put the injured party in the position that he or she would have [had] had the wrong complained of not occurred." *Lewis* v. *Batavia* (Jan. 7, 1985), Clermont App. No. CA84-04-032, unreported, at 6, citing *Superior Savings Assn.* v. *Cleveland* (N.D. Ohio 1980), 501 F. Supp. 1244, 1250. Therefore, it was error to award damages based solely upon the "replacement value" proposed by appellees where there was no evidence before the court regarding the age, condition, replacement value, or original cost of the items.

Accordingly, appellant's second assignment of error is sustained.

Because of our disposition of appellant's second assignment of error, the first assignment of error is also sustained. It is apparent from the record that the exhibit was merely a listing of the Sears, Roebuck & Co. catalog prices of the same or similar items. It neither reflected the value to the owner, nor the true replacement cost. Therefore, the information therein was irrelevant to the determination of damages.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.