[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This is an appeal from the Scioto County Court of Common Pleas.
Plaintiffs Ramey brought their boxer dog, named Kyra, to be treated by defendant Dr. Collins, a veterinarian. Apparently they were unsatisfied with Collins and took the dog to another veterinarian. They subsequently filed this action against defendant Collins alleging negligence and seeking various sort of relief, including claims for humiliation, abandonment, and the infliction of emotional distress. The trial court, in response to Collins' motion to dismiss, held in an entry dated May 3, 1999 that the motion was well taken and the court
 ". . . dismisses Plaintiff's complaint to the extent it includes humiliation, emotional distress and embarrassment, and any personal injury that the Plaintiffs themselves may have suffered. Damages are hereby limited to the fair market value of the animal"
Defendant Collins then filed another motion to dismiss on May 11, 1999 on the grounds that the court had limited damages to the value of the dog in the May 3, 1999 entry, but that there was no evidence in the record as to the value of the dog nor any designation of an expert witness as to value. On May 26, 1999, plaintiffs filed a response to the motion to dismiss, but it contained only a repeated assertion of the claims already dismissed and did not address the proof of value issue. On August 2, 1999, plaintiffs filed a designation of expert witness.
On August 16, 1999, the court put on an entry granting the motion to dismiss. We note, parenthetically, that about an hour after the entry of dismissal was filed, defendant filed a motion to exclude the designated expert's testimony.
From that dismissal, plaintiffs take this appeal designating three assignments of error.
 Assignment of Error 1. Error in dismissing Plaintiffs complaint to the extent it included humiliation, emotional distress, and embarrassment, and any personal injury that Plaintiff-Appellants may have suffered as a result of negligent acts performed on their family pet dog and, in addition, in limiting damages to the fair market value of the animal in violation of the first and seventh amendments (sic) of the United States Constitution and the Ohio Constitution, Article I, sections one, three, and five and the due process and equal protection pro-visions of the United States and Ohio Constitutions.
 (A) Constitutional standards set forth in the United States and the Ohio Constitutions mandate that Plaintiffs-Appellants have a substantially important right of expression and association with their family pet dog that is deeply rooted in this nation's history and tradition and is fundamentally protected by the United States and the Ohio Constitutions.
 (B)(A) Constitutional standards set forth in the United States and the Ohio Constitutions mandate that, consistent with Plaintiff-Appellants constitutionally protected right of expression and association with their family pet dog, Kyra, Plaintiff-Appellants should be entitled to seek damages of humiliation, emotional distress and embarrassment, and any personal injury that Plaintiff-Appellants themselves may have suffered as a result of the negligent acts performed on their family pet dog, Kyra.
 Assignment of Error 2. Error in not declaring Ohio Rev. Code Section 955.03 — "any dog . . . shall be considered personal property". (sic) — unconstitutional and therefore void.
 Assignment of Error 3. Error in dismissing Plaintiffs-Appellants complaint in violation of Ohio R. Civ. P. 12 and the first. and seventh amendments of the United States Constitution and sections one, three, and five of the Ohio Constitution, Article I, Bill of Rights and the due process and equal protection provisions of the United States and Ohio Constitutions.
 (A) Constitutional standards set forth in the due process and equal protection provisions of the United States and Ohio Constitutions mandate that the trial court should adhere to the Ohio R. Civ. P. 12 in addressing a motion to dismiss.
Assignments of Error 1 and 2 will be treated jointly since they both raise an objection to the measure of damages allowed for injury to personal property. That measure is well settled. The general rule in Ohio is that the measure of damages for injury to personal property is the difference between the fair market value of the property immediately before the loss and the fair market value of the property immediately after the loss.Akro-Plastics v. Drake Industries (1996), 115 Ohio App.3d 221,226. Where the personal property is totally destroyed, the measure of damages is the reasonable market value of the personalty immediately before its destruction. Cooper v. Feeney (1986),34 Ohio App.3d 282.
Appellant's assertion of constitutional claims in these assignments of error and the arguments advanced in favor of them are wholly without merit and, frankly, absurd.
The right to assemble and associate with other people "to petition the Government for redress of grievances," or "to consult with for their common good" are protected rights. What these rights have to do with seeing that a sick dog is properly treated is beyond the comprehension of this court. Appellants seem to be saying that they have the right to associate with their dog, or perhaps that ownership of a dog is some kind expression of a sentiment protected by the First Amendment. In a similar vein, they argue that since they perceive of their dog as a family member it is unconstitutional for the law of Ohio to treat a dog as personal property. In short, appellants claim it was error for the trial court not to anthropomorphize the dog.
We hold that it is not. The trial court applied the proper measure of damages in denying the claims relating to the claims for humiliation, abandonment, and the infliction of emotional distress.
Assignments of Error 1 and 2 are wholly without merit and are overruled.
We do find, however, that the trial court erred in granting the motion to dismiss. While it is not clear from the record, it appears that the court dismissed because plaintiffs had failed to designate an expert witness as to value.
The standard for a Civ.R. 12(B) motion to dismiss is, the measure of damages, well settled. In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. York v.Ohio State Highway Patrol (1991), 60 Ohio St.3d 143, 144, citingO'Brien v. University Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 245. In construing a complaint upon a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. York,supra. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint. See, e.g.,State ex rel. Alford v. Willoughby Civil Service Comm. (1979),58 Ohio St.2d 221, 223. Appellate review of a ruling on such a motion presents a question of law which we determine independently of the trial court's decision.
If everything in the Rameys' complaint is taken as true, they have set out a claim for negligence or malpractice and would be entitled to reimbursement from Collins for money spent with him.
As to the value of the dog, the issue of damages is problematical. For most people, dog ownership is a liability rather than an asset to be valued. The worth of a family pet falls into that category of personal property which has little or no market value. See the discussion in 30 Ohio Jurisprudence 3rd, Damages, Section 72.
However, the courts do recognize that an item of personal property may have value to the owner, and the testimony of the owner as to the worth of his property is admissible under Evid. R. 701(A). In Horning v. Horning (Oct. 8, 1999), Portage App. No. 98-P-0082, unreported, it was held:
 "When the market value of personal property can not be feasibly ascertained, a court must resort to a more elastic standard. The standard is more elastic because the court must attempt to take into account the value of the property to the owner by examining such factors as the age, condition, original cost, and replacement value of the items. Cooper v. Feeney (1986), 34 Ohio App.3d 282.
The issue of damages is further complicated by the fact that the dog was taken to another vet who apparently successfully treated her and that at the time this lawsuit was filed, the dog was still alive. Kyra's worth as pet to the Rameys would thus seem to be undiminished. In that case, they have suffered no loss because Kyra's value is the same before and after the treatment by Dr. Collins.
Therefore, we hold that the Rameys have stated a cause of action for a return of any moneys paid to Collins, and for nothing else. We do not, of course, find Collins to have been negligent, but only that the Rameys' complaint, if taken as true, states a claim.
Assignment of Error 3 is found to be well taken in part. The judgement of the trial court is affirmed in part and reversed in part and this case is remanded for further proceedings.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and cause remanded to the trial court for further proceedings consistent with this opinion and that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. and Abele, J.: Concur in Judgment and Opinion.
 _____________________________ Lawrence A. Grey, Judge