{¶ 33} I must dissent in this matter for I do not believe the trial court properly applied the law with respect to damages.
 {¶ 34} "In Ohio, the general rule is that the measure of damages for injury to personal property is the difference in market value of the property immediately before and immediately after the injury. Where the property is totally destroyed, the measure of damages is the reasonable market value of the property immediately before its destruction."[1]
 {¶ 35} In the instant matter, there is no evidence of the value of the truck either before or after the repair. Therefore, appellee has failed to meet her burden. The trial court's candid reduction in the ultimate award by roughly $200, while commendable, simply lacks the specificity required for meaningful appellate review.[2]
 {¶ 36} For example, trial court's finding that "the Plaintiff has a high mileage vehicle that obviously was having problems" leaves this court with no record to evaluate the method of measurement in the judgment rendered. Was the value of this vehicle, before repairs, $5 or $5,000? If the vehicle was worth $500 prior to the first attempted repair and it was rendered wholly inoperable by negligent repairs, then the amount recoverable is $500. As a matter of law, it cannot be any higher.
 {¶ 37} That is the law in Ohio, and I, therefore, must dissent. Appellee simply was not entitled to a new engine in her old truck. You cannot drive a wounded Pinto into a repair shop and expect to leave with a new Mustang if the repairs are not performed to your satisfaction. Sometimes the horse has to be put down.
[1] Cooper v. Feeney (1986), 34 Ohio App.3d 282, 283.
[2] Horning v. Horning (Oct. 8, 1999), 11th Dist. No. 98-P-0082, 1999 Ohio App. LEXIS 4798, at *8.