[Cite as *Collier v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-6656.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDRE COLLIER

Plaintiff

v.

OHIO DEPT. OF REHAB. AND CORRECTIONS

Defendant

Case No. 2010-03151-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1)     Plaintiff, Andre Collier, an inmate formerly incarcerated at defendant's Marion Correctional Institution (MCI), filed this action against defendant, Department of Rehabilitation and Correction, alleging several items of his personal property were lost while under the custody and care of MCI staff at sometime from May 15, 2008 to August 26, 2008. Plaintiff explained he was transferred from the MCI general population to a segregation unit on May 15, 2008, and his personal property was inventoried, packed, and delivered into the control of MCI staff incident to this transfer. Apparently, plaintiff's property remained in the custody of MCI personnel until August 26, 2008 when he was transferred to defendant's Mansfield Correctional Institution (ManCI). Plaintiff advised he received his property at ManCI on August 27, 2008 and discovered the following items were missing: four batteries, spaghetti sauce, seven fish steaks, twenty Ramen soup packets, one cable cord, one t.v. splitter, six salmon, two rice packs, four nutty bars, two peanut butter, two bowls, two cups, five bags of nachos, two advanced lotions, five bags of popcorn, one salsa, one AVI vending

debit card, and one copier card. Plaintiff noted the MCI institutional inspector confiscated the debit card and copier card and did not return these items to him. Plaintiff further noted MCI employee Officer Bachtell confiscated the cable cord and t.v. splitter and did not return these items. Plaintiff filed this complaint contending defendant should bear liability for all the property items claimed that were either lost or confiscated. Plaintiff seeks damages in the amount of $88.89, the stated replacement cost of the items claimed. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} 2) Plaintiff submitted a copy of his "Inmate Property Record-Disposition and Receipt" (inventory) compiled on May 15, 2008 when he was transferred to a segregation unit at MCI. Property items listed on this inventory relevant to this claim include: four batteries, one spaghetti sauce, eighteen Ramen soup packs, six fish packages, three rice packages, four nutty bars, one peanut butter, three bowls, and two cups. Plaintiff submitted a copy of an inventory dated August 27, 2008 when he was transferred to ManCI. Property relevant to this claim listed on this August 27, 2008 inventory is one bowl. Plaintiff submitted copies of prior inventories indicating he possessed a t.v. splitter and t.v. cable. Plaintiff submitted copies of six receipts from the MCI commissary dated February 6, 2008, April 16, 2008, April 22, 2008, April 29, 2008, May 6, 2008, and May 14, 2008, reflecting particular commissary purchases he made on those dates. The February 6, 2008 receipt shows plaintiff purchased four batteries on that date. The May 6, 2008 receipt shows plaintiff purchased a copier card and an AVI vending card with a $25.00 balance. Furthermore, the May 6, 2008 receipt and the May 14, 2008 receipt indicate plaintiff purchased two bottles of advanced lotion, two jars of peanut butter, one jar of spaghetti sauce, five bags of popcorn, six packs of salmon, five pouches of rice, five bags of nacho chips, seven fish steaks, and twenty-six packs of Ramen noodles on those two dates. The submitted April 29, 2008 receipt reflects plaintiff purchased a bottle of salsa on that date as well as fish steaks, popcorn, and nacho chips. The other two April 2008 receipts reflect a purchase pattern of items including peanut butter, salsa, nutty bars, popcorn, nacho chips, Ramen noodles, Advanced lotion, and fish steaks.

{¶ 3} 3) Defendant admitted liability in the amount of $26.95, for the loss of the following items: twenty Ramen noodle packs, two packages of rice, one jar of

peanut butter, six cans of salmon, two bottles of location, and one container of spaghetti sauce. Defendant specifically denied liability for the loss of additional items including: four batteries, one cable cord, one t.v. splitter, one jar of peanut butter, four nutty bars, two bowls, two cups, five bags of nacho chips, five bags of popcorn, one jar of salsa, seven fish steaks, one vending card with a $16.75 balance, and one copier card. In addressing the issue of the vending card and copier card, defendant explained: "[w]hen an offender leaves a prison the cards are not transferable to another prison's vending and copier machines." Due to the fact plaintiff was assigned to a segregation unit at MCI from May 15, 2008 until he was transferred to ManCI in August 2008, he was prohibited by internal policy from using the MCI issued cards. Defendant asserted plaintiff relinquished his right of ownership in the vending card and copier card when he was transferred to segregation for violating internal rules.

**{¶ 4}** 4)    Plaintiff filed a response suggesting, "officers who secured and packed up property on 5-15-2008 could have negligently allowed someone to steal plaintiff's property" while that property was stored in the MCI vault. Plaintiff asserted he offered proof in his complaint that he owned all the property claimed at the time he was transferred to segregation on May 14, 2008. Plaintiff argued that he should receive a credit on his inmate account for the balance amount remaining on the vending card and the entire amount of the unused copier card. Plaintiff asserted the balances on these cards are transferable from one institution to another. Plaintiff related he possessed all property claimed in his complaint including items listed and not listed on his May 15, 2008 inventory.

CONCLUSIONS OF LAW

**{¶ 5}** 1)    In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 6}** 2)    "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v.*

*David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 7} 3) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 8} 4) This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault), with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 9} 5) Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 10} 6) Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 11} 7) Plaintiff's failure to prove delivery of property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 12} 8) Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property claimed. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068. In the instant claim, plaintiff has failed to prove MCI staff ever assumed control over one jar of salsa, two Ramen noodle packages, a cable cord, a splitter, seven fish steaks, one jar of peanut butter, five bags of nacho chips, one lotion, and five bags of popcorn.

{¶ 13} 9) Plaintiff has failed to prove, by a preponderance of the evidence, that the above listed property was lost or stolen as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

{¶ 14} 10) Plaintiff has no right to pursue a claim for property in which he cannot prove any right of ownership. *DeLong v. Department of Rehabilitation and Correction*

(1988), 88-06000-AD. Defendant cannot be held liable for property that plaintiff has no right to possess. *Beaverson v. Department of Rehabilitation and Correction* (1988), 87-02540-AD; *Radford v. Department of Rehabilitation and Correction* (1985), 84-09071.

{¶ 15} 11)  An inmate plaintiff is barred from pursuing a claim for the loss of use of restricted property when such property is declared impermissible pursuant to departmental policy. *Zerla v. Dept. of Rehab. and Corr.* (2001), 2000-09849-AD. The vending card and copier card plaintiff possessed became impermissible property when plaintiff was assigned to a segregation unit for disciplinary reasons. Consequently, plaintiff may not maintain an action for the loss of the value of these items. Plaintiff relinquished ownership rights in the cards and essentially abandoned the property.

{¶ 16} 12)  Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred to segregation on May 15, 2008. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD. Plaintiff has offered sufficient proof to establish defendant is liable for the loss of four batteries, one jar of spaghetti sauce, eighteen Ramen noodle packs, six salmon, two packs of rice, four nutty bars, one jar of peanut butter, two bowls, two cups, and one lotion.

{¶ 17} 13)  The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 18} 14)  In a situation where a damage assessment for personal property destruction based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

{¶ 19} 15)  As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 20} 16)  Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of

certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

**{¶ 21}** 17) Plaintiff has suffered damages in the amount of $35.25, plus the $25.00 filing fee.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ANDRE COLLIER

    Plaintiff

    v.

OHIO DEPT. OF REHAB. AND CORRECTIONS

    Defendant

    Case No. 2010-03151-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $60.25, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Andre Collier, #233-115          Gregory C. Trout, Chief Counsel
P.O. Box 69                      Department of Rehabilitation
London, Ohio  43140              and Correction
                                 770 West Broad Street
                                 Columbus, Ohio  43222

RDK/laa
9/23
Filed 11/2/10
Sent to S.C. reporter 2/11/11