[Cite as *Robinson v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-6679.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES ROBINSON

Plaintiff

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant

Case No. 2010-09434-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1)     Plaintiff, James Robinson, an inmate incarcerated at defendant's Mansfield Correctional Institution (ManCI), filed this action contending his CD player was broken on January 31, 2010 as a proximate cause of negligence on the part of ManCI staff in handling the device.  Plaintiff noted his CD player was damaged beyond repair when it was dropped by ManCI employee, Officer Aidt during the course of a cell search.  Plaintiff requested damage recovery in the amount of $75.24, the total replacement cost of a new CD player.  Plaintiff submitted a receipt showing he purchased a Sony CD player on July 17, 2007 for $75.24.  The filing fee was paid.

{¶ 2} 2)     Defendant filed an investigation report admitting liability for plaintiff's property damage, but disputing his damage claim.  Defendant pointed out the CD player was approximately two and a half years old at the time it was damaged and should be considered depreciable property.  Defendant stated "$25 is appropriate for this situation considering the CD player is two and a half years old."

{¶ 3} 3)     Plaintiff filed a response advising that he would accept damages in

the amount of $66.48 for the value of the CD player.

CONCLUSIONS OF LAW

{¶ 4} 1) Negligence on the part of defendant has been shown in respect to the issue of property protection. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.

{¶ 5} 2) The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 6} 3) In a situation where a damage assessment for personal property destruction based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

{¶ 7} 4) As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 8} 5) Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 9} 6) Plaintiff has suffered damages in the amount of $50.00, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Court of Claims of Ohio

JAMES ROBINSON

Plaintiff

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant

Case No. 2010-09434-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $75.00, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

James Robinson, #521-775          Gregory C. Trout, Chief Counsel
P.O. Box 788                      Department of Rehabilitation
Mansfield, Ohio  44901            and Correction
                                  770 West Broad Street
                                  Columbus, Ohio  43222

RDK/laa
10/14
Filed 11/15/10
Sent to S.C. reporter 2/18/11