[Cite as *Moore v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-6690.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT F. MOORE, JR.

Plaintiff

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

Defendant

Case No. 2010-08403-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

FINDINGS OF FACT

{¶ 1} 1) Plaintiff, Robert F. Moore, Jr., an inmate incarcerated at defendant's Marion Correctional Institution (MCI), filed this action contending that his radio, ear buds, and batteries were improperly confiscated and subsequently destroyed by MCI staff at sometime during August 2009. Plaintiff seeks damages in the amount of $40.74, the total stated replacement cost of a new radio, ear buds, and batteries. Payment of the filing fee was waived.

{¶ 2} 2) Defendant filed an investigation report admitting liability for the loss of plaintiff's property, but disputing his damage claim. Defendant explained that plaintiff's radio was "more than ten years old" at the time the device was confiscated and therefore, damages should be limited to the approximate fair market value of the property in August 2009. Defendant requested that the court determine plaintiff's damages.

{¶ 3} 3) Plaintiff filed a "Response to Investigation Report" form noting that he should receive damages consistent with the cost of a new replacement radio.

CONCLUSIONS OF LAW

**{¶ 4}**  1)  Negligence on the part of defendant has been shown in respect to the issue of property protection.  *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.

**{¶ 5}**  2)  The standard measure of damages for personal property loss is market value.  *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

**{¶ 6}**  3)  In a situation where a damage assessment for personal property destruction based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner.  This determination considers such facts as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss.  *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

**{¶ 7}**  4)  As trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

**{¶ 8}**  5)  Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

**{¶ 9}**  6)  Plaintiff has suffered damages in the amount of $20.00.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT F. MOORE, JR.

      Plaintiff

      v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION

      Defendant

      Case No. 2010-08403-AD

Clerk Miles C. Durfey

<u>ENTRY OF ADMINISTRATIVE</u>
<u>DETERMINATION</u>

      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $20.00. Court costs are assessed against defendant.


                                  MILES C. DURFEY
                                  Clerk

Entry cc:

Robert F. Moore, Jr., #386-587      Gregory C. Trout, Chief Counsel
P.O. Box 57                          Department of Rehabilitation
Marion, Ohio 43301             and Correction
                                 770 West Broad Street
                                 Columbus, Ohio 43222

RDK/laa
12/14
Filed 12/17/10
Sent to S.C. reporter 2/25/11