[Cite as *Brigner v. Pickaway Correctional Inst.*, 2010-Ohio-6687.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STEVEN BRIGNER

　　Plaintiff

　　v.

PICKAWAY CORRECTIONAL INSTITUTION

　　Defendant

　　Case No. 2010-07911-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

**{¶ 1}** 1) Plaintiff, Steven Brigner, an inmate formerly incarcerated at defendant, Pickaway Correctional Institution (PCI), filed this action alleging several items of his personal property were lost on or about December 28, 2008 as a proximate cause of negligence on the part of PCI staff in handling his property. Plaintiff asserted his beard trimmers, valued at $23.74; headphones, valued at $18.73; blanket, valued at $25.00; eighteen compact discs, valued at $216.00; and compact disc carrying case, valued at $15.00 were lost by PCI staff. Plaintiff requested damages totaling $288.47. Plaintiff did not provided any evidence other than his own assertions to establish the value of his lost property. Payment of the filing fee was waived.

**{¶ 2}** 2) Defendant filed an investigation report admitting liability for the loss of plaintiff's beard trimmers, headphones, blanket, compact disc carrying case, and eight compact discs. Defendant contended plaintiff's damage recovery should be limited to $199.00.

**{¶ 3}** 3)   Plaintiff filed a response requesting he receive damage recovery in the amount of $288.47.  Plaintiff did not submit any evidence to support the amount of his damage request.  Plaintiff did not submit any evidence to show he purchased all property items claimed.

CONCLUSIONS OF LAW

**{¶ 4}** 1)   In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries.  *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

**{¶ 5}** 2)   "Whether a duty is breached and whether the breach proximately caused injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

**{¶ 6}** 3)   Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property.  *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

**{¶ 7}** 4)   Negligence on the part of defendant has been shown in respect to the issue of property protection.  *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.

**{¶ 8}** 5)   The standard measure of damages for personal property loss is market value.  *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

**{¶ 9}** 6)   In a situation where a damage assessment for personal property destruction based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner.  This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss.  *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

**{¶ 10}** 7)   As trier of fact, this court has the power to award reasonable

damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 11} 8)    Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 12} 9)    Plaintiff has suffered damages in the amount of $199.00.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STEVEN BRIGNER

   Plaintiff

   v.

PICKAWAY CORRECTIONAL INSTITUTION

   Defendant

   Case No. 2010-07911-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION


   Having considered all the evidence in the claim file and, for the reasons set forth

in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $199.00.  Court costs are assessed against defendant.


DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Steven Brigner, #475-073
P.O. Box 45699
Lucasville, Ohio  45699

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

RDK/laa
12/6
Filed 12/29/10
Sent to S.C. reporter 2/25/11