[Cite as *Hodge v. S. Ohio Correctional Facility*, 2011-Ohio-2492.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

EDWARD HODGE

 Plaintiff

 v.

SOUTHERN OHIO CORRECTIONAL FACILITY

 Defendant

 Case No. 2010-09281-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

**{¶ 1}** Plaintiff, Edward Hodge, an inmate incarcerated at defendant Southern Ohio Correctional Facility (SOCF), filed this action alleging his personal property was lost as a proximate cause of negligence on the part of SOCF staff. Plaintiff explained he and his property were transferred from the Toledo Correctional Institution (ToCI) to SOCF on June 16, 2009. Plaintiff further explained that when he arrived at SOCF he was assigned to a disciplinary isolation unit for a total of twelve months and was consequently, separated from his property during the course of that time period. Plaintiff advised that when he was released from isolation on June 18, 2010 and regained possession of his property, he discovered his television set and typewriter were not among the returned items. Plaintiff provided a copy of an "Inmate Property Record-Disposition and Receipt" (inventory) compiled at ToCI on June 16, 2009 incident to his transfer to SOCF. The inventory lists a television set and a typewriter. Plaintiff also submitted a copy of an inventory compiled at SOCF when he arrived there on June 16, 2009. This inventory lists a television set and a typewriter. In his complaint, plaintiff

requested damages in the amount of $406.00, the stated replacement value of his television set ($181.00) and his typewriter ($225.00). The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with his damage claim.

{¶ 2} Defendant denied liability in this matter. Defendant stated, "[p]laintiff alleges that on or about 6/16/09 his television and typewriter were damaged during transport from ToCI to SOCF." In his complaint, plaintiff made claims that his television set and typewriter were missing and not among his returned property. Defendant acknowledged plaintiff's television set and typewriter "were damaged when he arrived at SOCF" from ToCI on June 9, 2009. Defendant related, "[t]here is no evidence exactly when or how the items were damaged." Defendant advised, "[t]here is no description of the nature or extent of the damage." Defendant further advised the television set and typewriter "were destroyed pursuant to a court order along with other damaged, abandoned, confiscated property and contraband." Defendant disputed plaintiff's damage claim amount noting the television set was over two years old in June 2009 and the typewriter was older than the television. Defendant maintained the proper value for the items should be $125.00 for the typewriter and $100.00 for the television set.

{¶ 3} Plaintiff filed a response stating, "I feel my damages are more fair at $320.00." Plaintiff related his television set and typewriter were "allegedly broken" at the time of his transfer from ToCI to SOCF. Plaintiff pointed out he was informed by the SOCF property room officer that his typewriter and television set were damaged.

CONCLUSIONS OF LAW

{¶ 4} 1) Negligence on the part of defendant has been shown in respect to the issue of property protection. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.

{¶ 5} 2) The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 6} 3) In a situation where a damage assessment for personal property destruction based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such facts as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney*

(1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

{¶ 7} 4)   As trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 8} 5)   Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 9} 6)   Plaintiff has suffered damages in the amount of $225.00, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

EDWARD HODGE

Plaintiff

v.

SOUTHERN OHIO CORRECTIONAL FACILITY

Defendant

Case No. 2010-09281-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $250.00, which includes the filing fee. Court costs are assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Edward Hodge, #466-264
P.O. Box 45699
Lucasville, Ohio 45699

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio 432252

RDK/laa
2/8
Filed 3/4/11
Sent to S.C. reporter 5/16/11