[Cite as *Payton v. Pickaway Corr. Inst.*, 2011-Ohio-4583.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM H. PAYTON

    Plaintiff

    v.

PICKAWAY CORRECTIONAL INST.

    Defendant

    Case No. 2011-01984-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

{¶1} Plaintiff, William Payton, an inmate incarcerated at defendant, Pickaway Correctional Institution (PCI), asserted that numerous art supply items were left behind in a cabinet at the Frasier Healthcare Center when he was transferred from that housing unit to his current location at PCI in November 2009. Plaintiff submitted the "kite" he sent to Mrs. Jones on November 24, 2009, requesting access to the art supplies and pointing out that he "would like to send a lot of them home." Mrs. Jones responded on January 12, 2010, by stating, in relevant part: "The art cabinet will be moved ASAP. I went through it & * * * you will not be allowed to have some of the stuff. It will need to remain in the cabinet. Bear with us during this transition. I received this 1-12-10. When the cabinet comes over. You can come & check your stuff during art time." Plaintiff submitted copies of receipts dated April 17, July 23, and November 26, 2008, from Dick Blick Art Materials listing purchases of multiple acrylic paints (sold in 2-ounce containers) and various other art supplies. Plaintiff also submitted copies of complaints

he filed with the chief inspector on January 31 and April 8, 2010 regarding the need to obtain grievance forms in order to seek reimbursement for the missing art supplies and "for a wooden clock I was building."

{¶2} Plaintiff included a copy of a "Disposition of Grievance" form signed by M. Lawrence and dated October 8, 2010. The response states, in pertinent part: "I did investigate your concern. Unfortunately was not able to find the items that you allege are missing. Although you provided me with invoices for art materials, I do not have enough evidence to support your claim that staff was responsible for the loss of such items." The chief inspector stated on January 11, 2011, that "You state your art supplies were left in building 10-E-1 in the art cabinet some of which you got back, but many are still missing. * * * From the information in this grievance appeal to include the kite, Inmate Property Record form and the packing list receipt from Blick art materials dated November 26, 2008, this office cannot determine the reported loss of your supplies was due to staff action."

{¶3} Plaintiff filed this complaint seeking to recover $325.00, the estimated replacement value of the missing art supplies and reimbursement of the $25.00 filing fee. The filing fee was paid.

{¶4} Defendant filed an investigation report asserting that plaintiff's paint "in small bottles/urine containers was confiscated as contraband and disposed of pursuant to Rule 5120-9-33 of the Administrative Code."[1] Defendant further asserted two boxes of popsicle sticks were considered contraband due to excessive amounts, yet these sticks remain available for plaintiff to use "in accordance with institution security standards."

---

[1] Ohio Adm. Code 5120-9-33 states, in relevant part:

"(A) In addition to the state-provided basic necessities, inmates may be permitted, subject to the limitations and conditions described in this rule, to possess certain items of personal property, which are not state issued.

"(B) Excluding large titled items (e.g., televisions and typewriters etc.), state issued bedding, coats/jackets, and permitted shoes, an inmate may not possess more than 2.4 cubic feet of combined state and personal property unless specifically authorized pursuant to this rule.

"(C) Individual items of personal property possessed by an inmate shall not exceed the value limit for that item. Individual value limits shall be reasonable and shall not unreasonably deprive the inmate of the ability to make purchases. The director shall approve a list of allowable items of personal property and the associated value limits. The list shall be distributed to all institutions and affirmatively communicated to the inmate population.

"(D) Each inmate is responsible for ensuring that his personal property remain in conformity with the foregoing limitations. Property in excess of these limitations will be deemed contraband and disposed of pursuant to rule 5120-9-55 of the Administrative Code."

Defendant denied liability for the loss of any arts and crafts supplies as alleged by plaintiff. Defendant then stated it "gave Plaintiff some of his arts and crafts supplies."

{¶5} Defendant submitted a report from the PCI inspector, Mary Lawrence, dated March 28, 2011. In this report, Lawrence related that "I did investigate Mr. Payton's claim. I did recover a theft/loss report filed May 25, 2010. I interviewed Ms. Susan Jones, Recreation Therapist. Ms. Jones informed me that Mr. Payton had an excessive amount of art materials consisting of mixed paint kept in unmarked urine containers. Ms. Jones stated these paints were considered contraband and destroyed. * * * Staff action to destroy mixed paints kept in unmarked urine containers is a valid exercise of discretion, since these items are considered contraband and could not be sent home."

{¶6} Plaintiff filed a response on May 4, 2011, stating that the paint was in its original container as received from Blick Art Supply company. Plaintiff pointed out that he never received a contraband slip regarding the alleged altered paint and that a conduct report was never generated against him for the alleged contraband. On May 6, 2011, plaintiff filed additional information with the court insisting that, pursuant to Ohio Adm. Code 5120-9-55,[2] a conduct report should have been issued for the alleged

---

[2] Ohio Adm. Code 5120-9-55 states, in part:

"(A) There shall be two classes of contraband as defined in this rule. Contraband shall be classified as "major" or "minor" contraband. This distinction shall determine the method or manner of disposition of such contraband.

"(1) "Major contraband," as used in this rule, shall refer to items possessed by an inmate which, by their nature, use, or intended use, pose a threat to security or safety of inmates, staff or public, or disrupt the orderly operation of the facility. * * *

"(2) "Minor contraband", as used in this rule, shall refer to items possessed by an inmate without permission and:

"(a) The location in which these items are discovered is improper; or

"(b) The quantities in which an allowable item is possessed is prohibited; or

"(c) The manner or method by which the item is obtained was improper; or

"(d) An allowable item is possessed by an inmate in an altered form or condition.

"(B) Any staff member who confiscates contraband from an inmate shall enter the fact of such confiscation on a log designed for such a purpose.

"(1) The log shall specify the date of the confiscation, the person or inmate from whose possession the contraband was taken, if known, and a brief description of the contraband.

"(2) A copy of the log shall be prepared and provided by an institution to the attorney general upon request.

"(C) Disposition of contraband: any item considered contraband under this rule may be confiscated.

"(1) Minor contraband.

"(a) When appropriate, such items should be returned to their proper locations or to their original owners. However, if the item came into the inmate's possession through a violation of the rules by the original owner, such item may not be returned to the owner, if the original owner is an inmate.

"(b) Minor contraband received in the mail may be returned to the sender if the inmate agrees to pay postage costs.

contraband. Plaintiff asserted that he ordered the paint and it was stored in its original containers in the art cabinet. Plaintiff explained that the "Rec Dept. then puts it in a cabinet where it is use a little bit at a time in class. * * * Second of all it can't be contraband when Rec Dept. keeps it in their cabinet and gives it to you on a as need bases." Finally, plaintiff related his art supplies were left in the cabinet, the cabinet remained on defendant's vacant property, and that defendant failed to secure the property.

CONCLUSIONS OF LAW

{¶7} 1) Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶8} 2) An inmate maintains no right of ownership in property which is impermissibly altered and therefore, has no right to recovery when the altered property is lost or destroyed. *Watley v. Ohio Department of Rehabilitation and Correction*, Ct. of Cl. No. 2005-05183-AD, jud, 2005-Ohio-4320; *Watson v. Ohio State Penitentiary*, Ct. of Cl. No. 2007-05229-AD, 2008-Ohio-2848. The trier of fact does not find defendant's assertions particularly persuasive in respect to paint being mixed and stored in urine containers.

{¶9} 3) The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant claim the court finds the assertions of plaintiff to be persuasive in regard to plaintiff being the rightful owner of the confiscated art supplies. Sufficient documentation has been submitted to support

"(c) Minor contraband, valued at one hundred dollars or less, may, thirty days after confiscation, be destroyed, donated, or utilized by the institution for training or other official purposes by the order of the warden when the institution has attempted to contact or identify the owner of the personal property and those attempts have been unsuccessful or the inmate who owns the personal property agrees in writing to the disposal of the property in question.

"(d) Minor contraband, valued at over one hundred dollars, which may not be returned to the original owner if either an inmate or unknown and may not be returned to sender, may be destroyed or utilized by the institution for training or other official purposes upon the issuance of an order of forfeiture by the court of common pleas in the county in which the institution is located. The warden may file a petition for forfeiture with the court, asking the order be issued. The petition shall attach a list of the property involved and shall state briefly why the property cannot be returned."

the claim of ownership.

{¶10} 4) When destroying declared contraband, defendant is required to follow the provisions of the Ohio Administrative Code, section 5120-9-55(c). Defendant did not offer any documentation to establish plaintiff agreed to or authorized the destruction of the declared contraband articles.

{¶11} 5) It has been previously held an inmate plaintiff may recover the value of confiscated property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction. *Berg v. Belmont Correctional Institution* (1998), 97-09261-AD; *Wooden v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2004-01958-AD, 2004-Ohio-4820; *Hemsley v. N. Cent. Correctional Inst.*, Ct. of Cl. No. 2005-03946-AD, 2005-Ohio-4613; *Mayfield v. Richland Correctional Inst.*, Ct. of Cl. No. 2005-07976-AD, 2006-Ohio-358, *Brunner v. North Central. Corr. Inst.*, Ct. of Cl. No. 2006-08020-AD, 2007-Ohio-6386.

{¶12} 6) Evidence has shown defendant did not obtain proper authority to destroy the confiscated property. *Brunner v. Southern Ohio Correctional Facility*, 2006-08020-AD, 2007-Ohio-6386.

{¶13} 7) Negligence on the part of defendant has been shown in respect to plaintiff's claims for loss. *Baisden v. Southern Ohio Correctional Facility* (1977), 76-0617-AD.

{¶14} 8) As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160. Evidence has established that an unknown quantity of art supplies was returned to plaintiff and that some unknown portion of the missing or destroyed art supplies had been used by plaintiff during art class.

{¶15} 9) Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶16} 10) The standard measure of damages for personal property is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644

N.E. 2d 750.

{¶17}   11) In a situation where damage assessment for personal property destruction based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner.  This determination considers such factors as value to the owner, original costs, replacement cost, salvage value, and fair market value at the time of the loss.  *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

{¶18}   12) Plaintiff suffered damages in the amount of $150.00, plus the $25.00 filing fee which may be awarded as compensable costs pursuant to R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

WILLIAM H. PAYTON

    Plaintiff

    v.

PICKAWAY CORRECTIONAL INST.

    Defendant

    Case No. 2011-01984-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $175.00, which includes the filing fee. Court costs are assessed against defendant.

                    DANIEL R. BORCHERT
                    Deputy Clerk

Entry cc:

William H. Payton, #278-725      Gregory C. Trout, Chief Counsel
P.O. Box 209                   Department of Rehabilitation
Orient, Ohio  43146         and Correction
                         770 West Broad Street

Columbus, Ohio  43222

SJM/laa
5/17
Filed 6/1/11
Sent to S.C. reporter 9/12/11