[Cite as *McCarey v. Warren Corr. Facility*, 2011-Ohio-3769.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

OTIS MCCAREY

     Plaintiff

     v.

WARREN CORRECTIONAL FACILITY

     Defendant

     Case No. 2010-10386-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} Plaintiff, Otis McCarey, an inmate formerly incarcerated at defendant, Warren Correctional Institution (WCI), filed this action alleging that several items of his personal property were lost while under the control of WCI staff. Plaintiff explained that he was transferred to segregation on an unspecified date and that his personal property was packed and sent to storage incident to the transfer. Plaintiff stated that he regained possession of his property on or about March 5, 2010, and discovered that the following items were missing: one pair of sweat pants, five pair of socks, one thermal top, one towel, three undershorts, one hooded sweatshirt, one hat, one pair of shower shoes, one AC/DC adapter, and one hair grease. Plaintiff contended that the above listed property was lost or stolen as a proximate cause of negligence on the part of WCI personnel and he has consequently filed this complaint seeking to recover $82.62, the stated value of the alleged missing property. Plaintiff submitted an undated receipt from a vendor listing certain items shipped including socks, briefs, boxers, and a navy stocking cap. Payment of the filing fee was waived.

{¶ 2}   Plaintiff also submitted a copy of an "Inmate Property Record-Disposition" (inventory) dated January 29, 2010, compiled by WCI staff.  The inventory lists all the claimed missing property with the exception of an AC/DC adapter.  The inventory does bear plaintiff's signature certifying that the items listed represent "a complete and accurate inventory of all my personal property."

{¶ 3}   Plaintiff submitted another  inventory dated March 5, 2010, compiled by WCI staff incident to his transfer to Southern Ohio Correctional Facility (SOCF).  With regard to the sixteen missing items relevant to this claim, the inventory lists the following: two pairs of socks, one undershorts, and an adapter which were packed and forwarded to SOCF.  Plaintiff refused to sign this inventory due to the alleged missing items.

{¶ 4}   Defendant denied any of plaintiff's property was lost or stolen as a proximate result of any negligence on the part of WCI staff.   Defendant contends that a number of plaintiff's claimed missing items are not listed on WCI's property form and that other items were confiscated as contraband when plaintiff arrived at SOCF.   In addition, defendant submitted a copy of a property inventory compiled by SOCF staff on March 8, 2010, incident to plaintiff's transfer from WCI to SOCF.  Plaintiff signed the inventory acknowledging that the document represented a "complete and accurate" listing of all his property.  Property relevant to this claim listed on the March 8, 2010 inventory is one pair of socks, one undershorts, and one pair of shower shoes.

{¶ 5}   Plaintiff filed a response stating that he was never informed that he needed to first file a grievance at WCI regarding the alleged lost property and that SOCF staff never requested receipts from him for the missing property.  Plaintiff insisted that the above listed property items were not stored properly by WCI staff and that none of the items were listed as contraband while he was housed at WCI. Plaintiff maintained that he signed the March 8, 2010 inventory acknowledging the document contained "a complete and accurate" listing of his personal property because "I was told by S.O.C.F. staff that by signing S.O.C.F. pack up sheet would not damage my claim due to the fact that they were two separate camps and [the] problem [was] between myself and W.C.I." Plaintiff related that he possessed all property claimed in his complaint including items listed and not listed on his January 29, 2010 inventory.

CONCLUSIONS OF LAW

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 7} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶ 8} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 9} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 10} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 11} Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶ 12} Plaintiff's failure to prove delivery of property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 13} Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish that defendant actually assumed control over the property claimed. *Whiteside v. Orient Correctional Inst.*, Ct. of Cl. No. 2002-05751, 2005-Ohio-4455 obj. overruled, 2005-Ohio-5068. In the instant claim, plaintiff has failed

to prove WCI staff assumed control over an adapter on January 29, 2010.

{¶ 14}     Plaintiff has failed to prove, by a preponderance of the evidence, that the above listed property was lost or stolen as a proximate result of any negligent conduct attributable to defendant.  *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD.

{¶ 15}     Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property after he was transferred to segregation on January 29, 2010.  *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD.  Plaintiff has offered sufficient proof to establish that defendant is liable for the loss of one pair of sweat pants, four pair of socks, one thermal top, one towel, 2 undershorts, one hooded sweat shirt, one hat and one hair grease.

{¶ 16}     The standard measure of damages for personal property loss is market value.  *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶ 17}     In a situation where a damage assessment for personal property destruction based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner.  This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss.  *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

{¶ 18}     As trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶ 19}     Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶ 20}     Plaintiff has suffered damages in the amount of $53.76.

{¶ 21}



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

OTIS MCCAREY

    Plaintiff

    v.

WARREN CORRECTIONAL FACILITY

    Defendant

    Case No. 2010-10386-AD

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $53.76. Court costs are assessed against defendant.

_____
MILES C. DURFEY
Clerk

Entry cc:

Otis McCarey, #599-057
P.O. Box 45699
Lucasville, Ohio  45699

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

SJM/laa
3/9

Filed 4/20/11
Sent to S.C. reporter 7/29/11