[Cite as *Ramirez v. Mansfield Corr. Inst.*, 2011-Ohio-5113.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MOISES RAMIREZ

Plaintiff

v.

MANSFIELD CORRECTIONAL INSTITUTION

Defendant

Case No. 2010-01191-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} On January 8, 2010, plaintiff, Moises Ramirez, an inmate formerly incarcerated at defendant, Mansfield Correctional Institution (ManCI), filed this action alleging "cruel an unusual punishment" and denial of medical care when he suffered injury to his wrists as the result of being handcuffed for three hours. Plaintiff further alleged that his stereo and fan had been stored in defendant's vault and were either lost or stolen as a result of negligence on the part of ManCI staff. Plaintiff requested damages in the amount of $6,500.00. Payment of the filing fee was waived.

{¶2} On March 16, 2010, a judge of the Court of Claims issued an entry wherein plaintiff's claim concerning the denial of proper medical care was dismissed and judgment for defendant was granted on plaintiff's claim of cruel and unusual punishment. Then, on December 16, 2010, a judge of the Court of Claims granted defendant's motion for summary judgment as to "plaintiff's claims regarding his placement in handcuffs on August 11, 2009." The judge then ordered that the case be transferred to the administrative docket. The judge noted that plaintiff listed a value of $500.00 for the loss of his stereo and fan. See, R.C. 2743.10. Pursuant to the

December 16, 2010 entry, plaintiff's claim is limited to the alleged lost or stolen stereo and fan.

{¶3}   In his complaint, plaintiff states that on October 11, 2009, ManCI employees Shaffer and Faulkner secured plaintiff's property in the vault at 10:50 a.m. Plaintiff asserts that every Tuesday supplies are sent to each unit, they are stored in the vault, and inmates have unsupervised access to the vault to retrieve supplies.   Plaintiff suggests that his property was stolen by unidentified inmates as a result of defendant's negligence in failing to supervise inmates who entered the vault to obtain supplies.

{¶4}   Defendant denied any liability in this matter.   Defendant explained that plaintiff was placed in handcuffs on August 11, 2009, after he refused to lock in his cell. Defendant verified that plaintiff has a title from January 10, 2002, on file for a Panasonic am/fm cassette player.[1]   According to defendant, plaintiff's property was inventoried on August 5, 2009, before he was sent to an outside facility for medical treatment, and another property inventory was completed on August 11, 2009, when plaintiff returned. Defendant pointed out that plaintiff signed both inventory sheets indicating that the inventory represented a complete list of all of his personal property.   Defendant asserted that plaintiff did not produce any evidence to establish that any of his property items were lost or stolen while under the control of ManCI staff.

{¶5}   Plaintiff filed a response wherein he essentially reiterated the allegations contained in his complaint and made reference to his initial claims which have been either denied or dismissed pursuant to judicial entries dated March 16 and December 16, 2010.[2] With reference to the alleged missing property, plaintiff provided copies of the August 5 and August 11, 2009 inventories.   The August 5, 2009 inventory lists one Panasonic radio as "GF" or "grandfathered" in pursuant to defendant's policies.   A fan is also listed on the August 5, 2009 pack-up sheet.   Neither item is listed on the August 11, 2009 inventory.

CONCLUSIONS OF LAW

{¶6}   For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that

---

[1] Defendant emphasized that institutional policy limits the value of radios owned by inmates to $75.00 and plaintiff's radio had been in use for at least seven years.

[2] Accordingly, plaintiff's June 3, 2011 "motion" regarding interrogatories is DENIED, as moot.

duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶7} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided . . . by the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶8} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶9} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶10} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶11} Plaintiff must produce evidence which affords a reasonable basis for the conclusion that defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶12} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find defendant's assertions particularly persuasive regarding plaintiff's claim of property loss.

{¶13} Negligence on the part of defendant has been shown in respect to the issue of protecting plaintiff's property. *Billups v. Department of Rehabilitation and Correction* (2001), 2000-10634-AD. Plaintiff has offered sufficient proof to establish defendant is liable for the loss of a Panasonic radio and a fan.

{¶14}     As trier of fact, this court has the power to award reasonable damages based on evidence presented.  *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶15}     The standard measure of damages for personal property loss is market value.  *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶16}     In a situation where a damage assessment for personal property loss based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner.  This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss.  *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

{¶17}     Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits.  *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶18}     Evidence has shown plaintiff's radio was over seven years old when the incident forming the basis of this claim occurred.  Plaintiff did not provide sufficient evidence to establish the value of his missing property amounted to $500.00 as alleged in the complaint.  Based on the fact the radio constituted depreciable property, the court finds plaintiff has suffered damages in the total amount of $50.00.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MOISES RAMIREZ

    Plaintiff

    v.

MANSFIELD CORRECTIONAL INSTITUTION

    Defendant

    Case No. 2010-01191-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $50.00.  Court costs are assessed against defendant.

                           DANIEL R. BORCHERT
                           Deputy Clerk

Entry cc:

Moises Ramirez, #288-156
Allen Correctional Institution
P.O. Box 4501
Lima, Ohio  45802

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

SJM/laa
6/17

Filed 6/27/11
Sent to S.C. reporter 10/4/11