[Cite as *Taylor v. Dept. of Rehab. & Corr.*, 2011-Ohio-6925.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN TAYLOR

    Plaintiff

    v.

DEPARTMENT OF REHABILITATION AND CORRECTION

    Defendant

Case No. 2011-04061-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1}    Plaintiff, John Taylor, an inmate formerly incarcerated at defendant, Ross Correctional Institution (RCI), alleged that several items of personal property were stolen from his cell housing unit on September 5, 2010, at a time when he was away from the unit. Plaintiff suggested Officer Elkins unlocked his cell door and allowed another inmate into his cell without checking the cell identification cards or ascertaining the identity of such inmate. Plaintiff therefore contended Officer Elkins acted negligently in opening the cell door and such act facilitated the theft of plaintiff's property. Plaintiff noted that upon discovering the missing electronics he immediately reported the theft of his property,[1] which included a Sony AM/FM CD player, Koss equalizer, Koss headphones, and one compact disc which was inside the CD player at the time it was stolen. Plaintiff filed this complaint seeking to recover $146.48, the stated replacement cost of his property. The filing fee was paid.

---

[1] According to plaintiff, Officer Elkins indicated he did not have access to the theft loss forms and instructed plaintiff to report the loss the next day. Plaintiff admitted he waited another full day due to the Labor Day holiday.

{¶2} Plaintiff submitted with the complaint an "Inmate Property Theft/Loss Report" (theft report) compiled by Sergeant Corey on September 7, 2010, indicating there were no witnesses to the theft and that a search of plaintiff's cell was conducted but none of the missing property was found. Plaintiff also included copies of his grievance notifications, his appeal to the chief inspector, and the respective responses. In addition, plaintiff filed a receipt reflecting the purchase of Koss headphones on May 4, 2006; and a corresponding certificates of ownership dated August 12, 2005. Finally, plaintiff presented a certificate of ownership dated April 25, 2006, for a Sony CD player.

{¶3} Defendant denied liability in this matter asserting that plaintiff failed to prove his property was lost as a result of any negligence on the part of RCI personnel. Defendant further asserted that plaintiff was supplied with a locker box in which to secure his possessions, and that defendant was not an insurer of plaintiff's property. In addition, defendant claimed that RCI staff members "conducted an immediate search of numerous cells." Thus, defendant contended "the search to recover stolen property was reasonable and far reaching in scope." Defendant included a copy of the report prepared by Robert Whitten, Inspector, who stated that Sergeant Corey conducted a search of the area on September 7, 2010, and that Officer Elkins verified he would check identification before letting an inmate into a cell if he was unfamiliar with such inmate. The claim file is devoid of any statement from Officer Elkins. Defendant concluded that plaintiff failed to prove any wrongful act by defendant's personnel caused the injury complained of in the complaint.

{¶4} Plaintiff filed a response insisting that Officer Elkins neglected to properly verify the identification of an inmate who was allowed access to plaintiff's cell and that a review by defendant of the "security camera footage" for the date and time of the theft would reveal the identity of the person who stole his property. In addition, plaintiff maintained that the search conducted by RCI personnel was inadequate and untimely.

CONCLUSIONS OF LAW

{¶5} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶6} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003-Ohio-5333,¶41 citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521; *Mussivand v. David* (1989), 45 Ohio St. 3d 314, 318, 544 N.E. 2d 265.

{¶7} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶8} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make reasonable attempts to protect, or recover" such property.

{¶9} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶10} Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-AD.

{¶11} In order to recover against a defendant in a tort action, plaintiff must produce evidence which furnishes a reasonable basis for sustaining his claim. If his evidence furnishes a basis for only a guess, among different possibilities, as to any essential issue in the case, he fails to sustain the burden as to such issue. *Landon v. Lee Motors, Inc.* (1954), 161 Ohio St. 82, 53 O.O. 25, 118 N.E. 2d 147.

{¶12} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or an part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court finds plaintiff's assertions are not particularly credible regarding the delay in having a theft/loss report completed.

{¶13} Defendant is not responsible for thefts committed by inmates unless an agency relationship is shown or it is shown that defendant was negligent. *Walker v.*

*Southern Ohio Correctional Facility* (1978), 78-0217-AD.

{¶14} The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1986), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams.*

{¶15} The fact that defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

{¶16} Defendant is not required to take extraordinary measures to provide inmates means to secure their property. *Andrews v. Allen Correctional Inst.,* Ct. of Cl. No. 2008-09732-AD, 2009-Ohio-4268.

{¶17} Defendant, when it retains control over whether an inmate's cell door is to be open or closed, owes a duty of reasonable care to inmates who are exclusively forced to store their possessions in the cell while they are absent from the cell. *Smith v. Rehabilitation and Correction* (1978), 77-0440-AD.

{¶18} However, in the instant claim, plaintiff has failed to prove defendant negligently or intentionally unlocked his cell door to facilitate a theft by an unidentified inmate, and therefore, no liability shall attach to defendant as a result of any theft based on this contention. *Carrithers v. Southern Ohio Correctional Facility* (2002), 2001-09079-AD.

{¶19} Generally, defendant has a duty to conduct a search for plaintiff's property within a reasonable time after being notified of the theft. *Phillips v. Columbus Correctional Facility* (1981), 79-0132-AD; *Russell v. Warren Correctional Inst.* (1999), 98-03305-AD.

{¶20} However, a search is not always necessary. In *Copeland v. Department of Rehabilitation and Correction* (1985), 85-03638-AD, the court held that defendant had no duty to search for missing property if the nature of the property is such that it is indistinguishable and cannot be traced to plaintiff. Half of plaintiff's missing property consisted of indistinguishable items.

{¶21} Plaintiff has proven, by a preponderance of the evidence, that defendant was negligent in respect to making a reasonable attempt to recover distinguishable

stolen property. See *Williams v. Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2005-11094-AD, 2006-Ohio-7207. The distinguishable property items included a set of headphones and a Sony CD player.

{¶22} Negligence on the part of defendant has been shown in respect to a failure by NCCI staff to make any reasonable attempts to recover distinguishable property. *Mullett.*

{¶23} Plaintiff has failed to prove, by a preponderance of the evidence, that any indistinguishable property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.

{¶24} The standard measure of damages for personal property loss is market value. *McDonald v. Ohio State Univ. Veterinary Hosp.* (1994), 67 Ohio Misc. 2d 40, 644 N.E. 2d 750.

{¶25} In a situation where a damage assessment for personal property destruction or loss based on market value is essentially indeterminable, a damage determination may be based on the standard value of the property to the owner. This determination considers such factors as value to the owner, original cost, replacement cost, salvage value, and fair market value at the time of the loss. *Cooper v. Feeney* (1986), 34 Ohio App. 3d 282, 518 N.E. 2d 46.

{¶26} As trier of fact, this court has the power to award reasonable damages based on evidence presented. *Sims v. Southern Ohio Correctional Facility* (1988), 61 Ohio Misc. 2d 239, 577 N.E. 2d 160.

{¶27} Damage assessment is a matter within the function of the trier of fact. *Litchfield v. Morris* (1985), 25 Ohio App. 3d 42, 25 OBR 115, 495 N.E. 2d 462. Reasonable certainty as to the amount of damages is required, which is that degree of certainty of which the nature of the case admits. *Bemmes v. Pub. Emp. Retirement Sys. Of Ohio* (1995), 102 Ohio App. 3d 782, 658 N.E. 2d 31.

{¶28} Plaintiff has suffered damages in the amount of $60.00, plus the $25.00 filing fee.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOHN TAYLOR

     Plaintiff

     v.

DEPARTMENT OF REHABILITATION AND CORRECTION

     Defendant

Case No. 2011-04061-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $85.00, which includes the filing fee. Court costs are assessed against defendant.

                      DANIEL R. BORCHERT
                      Deputy Clerk

Entry cc:

John Taylor, #314-564          Gregory C. Trout, Chief Counsel
2238 North West Street        Department of Rehabilitation
Lima, Ohio 45802-4501       and Correction

770 West Broad Street
Columbus, Ohio  43222

SJM/laa
8/18
Filed 8/23/11
Sent to S.C. reporter 1/19/12